# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BREVAN BAUGH,<br><br>        Plaintiff,<br><br>v.<br><br>ALLIED PROFESSIONALS INSURANCE COMPANY, A RISK RETENTION GROUP,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS (ECF NO. 8)**<br><br>Civil No. 1:18-cv-00074-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Allied Professionals Insurance Company, A Risk Retention Group, Inc. ("Allied Professionals") moves the Court[1] to compel arbitration of Plaintiff Dr. Brevan Baugh's claim for coverage and to stay proceedings pending the completion of arbitration. (Def.'s Mot. to Compel Arbitration & Stay Proceedings, or in the Alternative to Transfer the Case, ("Mot.") 1, ECF No. 8.) In the alternative, Allied Professionals requests that the Court transfer the case to the Central District of California, Southern Division only if the Court determines it lacks jurisdiction to grant the motion to compel. (Id.) Allied Professionals requests its attorneys' fees for bringing this motion pursuant to the "attorney fee provision of the agreement." (Id. at 2.) Allied Professionals moves to compel arbitration based on the arbitration clause in the professional liability insurance

---

[1] On July 10, 2018, the District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 5.)

1

policy Dr. Baugh signed. (Id. at 2, 4–9.) Dr. Baugh argues the Court should not enforce the arbitration clause because Utah law makes the clause unenforceable. (Pl.'s Mem. Opposing Def.'s Mot. to Compel, Stay Proceedings, or in the Alternative, Transfer the Case ("Opp'n") 2–6, ECF No. 11.) Dr. Baugh contends that because the clause is unenforceable, this Court should hear the case. (Id. at 6.)

On November 1, 2018, the Court held argument on Allied Professional's Motion and took the motion under advisement. (See Minute Entry, ECF No. 15.) Having considered the briefing, oral argument, and the materials submitted for and against Allied Professionals' Motion, the Court GRANTS the Motion to Compel Arbitration and Stay Proceedings because of the policy's specificity.

**FACTUAL BACKGROUND**

This case arises out of Dr. Baugh's attempt to have Allied Professionals defend or indemnify him from a lawsuit brought by a former patient. Dr. Baugh holds a naturopathic physician's license in Utah and a certification in Prolozone therapy from the American Academy of Ozonotherapy. (Compl. for Declaratory Relief ("Compl.") ¶ 11, ECF No. 2-2.) Dr. Baugh maintained a professional liability policy with Allied Professionals. (Decl. of Michael J. Schroeder ("Schroeder Decl.") ¶¶ 13–14, Ex. A, ECF No. 8–1.)

On September 11, 2014, Dr. Baugh injected patient Randall Grover's knees with Prolozone. (Compl. ¶ 8, ECF No. 2-2.) Dr. Baugh allegedly injured Mr. Grover when he administered the injection, and on or around June 6, 2016, Mr. Grover sent Dr. Baugh a Notice of Intent to commence a legal action against Dr. Baugh for his injuries. (Id. at ¶¶ 9–10.) Dr. Baugh's professional liability policy with Allied Professionals offers coverage

for naturopathic services. (Id. at ¶ 12.) Dr. Baugh tendered Mr. Grover's claim to Allied Professionals, who denied his claim. (Id. at ¶ 14; Schroeder Decl. ¶ 16, Ex. A ECF No. 8–1.) After Allied Professionals denied his claim, Dr. Baugh filed an action for declaratory relief in state court to declare the parties' rights and obligations under the policy. (Compl., ECF No. 2–2.) Allied Professionals removed the action to federal court (Notice of Removal, ECF No. 2), and filed the instant motion. (Mot., ECF No. 8.)

The arbitration clause at issue states the parties will resolve all disputes or claims between the parties to the policy by binding arbitration. (Prof'l Liab. Ins. Policy ("Policy"), Ex. C, ECF No. 11–3 at 7.) The policy further reads:

> This provision is intended to, and shall, encompass the widest possible scope of disputes or claims, including any issues a) with respect to any of the terms or provisions of this Policy, or b) with respect to the performance of any of the parties to the Policy, or c) with respect to any other issue or matter, whether in contract or tort, or in law or equity. Any person or entity asserting such dispute or claim (the "Claimant") must submit the matter to binding arbitration with the American Arbitration Association, under the Commercial Arbitration Rules of the American Arbitration Association then in effect. … All procedures, methods, and rights with respect to the right to compel arbitration pursuant to this Article shall be governed by the Federal Arbitration Act. The arbitration shall occur in Orange County, California. The laws of the State of California shall apply to any substantive, evidentiary or discovery issues. Any questions as to arbitrability of any dispute or claim shall be decided by the arbitrator. If any party seeks a court order compelling arbitration under this provision, the prevailing party in such motion, petition or other proceeding to compel arbitration shall recover all reasonable legal fees and costs incurred thereby and in any subsequent appeal, and in any action to collect the fees and costs. A judgment shall be entered upon the arbitration award in the U.S. District Court, Central District of California, or if that court lacks jurisdiction, then in the Superior Court of California, County of Orange.

(Id. at 7–8.)

## DISCUSSION

**A.    This Court has Subject Matter Jurisdiction**

Allied Professionals asserts this Court has jurisdiction to compel arbitration in the Central District of California pursuant to the parties' arbitration agreement because "[Dr.] Baugh agreed to arbitrate in Orange County, California and cannot now challenge the validity of that agreement."  (Mot. 7–9, ECF No. 8.)  Dr. Baugh does not contest this Court's jurisdiction.  (Opp'n, ECF No. 11.)  Nonetheless, the Court must assure itself of its own subject matter jurisdiction.  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).

Allied Professionals argues the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"), applies to the parties' policy.  (Mot. 5, ECF No. 8.)  Section 4 of the FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action … of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

Allied Professionals removed the case to federal court based on diversity jurisdiction. (Notice of Removal, ECF No. 2.)  To have diversity jurisdiction the parties must have complete diversity of citizenship with an amount in controversy in excess of $75,000. Grynberg v. Kinder Morgan Energy Partners, 805 F.3d 901, 905 (10th Cir. 2015).  Allied Professionals, incorporated in Arizona, principally conducts business in California. (Notice of Removal ¶ 2, ECF No. 2.)  Dr. Baugh is a citizen of Utah.  (Civil Coversheet, ECF No. 2-1.)  The amount in controversy exceeds $75,000.  (Notice of Removal ¶¶ 3-5, ECF No. 2.)  Thus, the Court has subject matter jurisdiction.

**B.     The Parties Submit to Venue in This Court**

Allied Professionals moves this Court to compel arbitration pursuant to § 4 of the FAA.  (Mot. 1, 5, ECF No. 8.)  Section 4 provides that any court with subject matter jurisdiction "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.  The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed."  9 U.S.C. § 4.  The Tenth Circuit has held that this section of the FAA relates to venue, and thus the parties can waive it.  1mage Software, Inc. v. Reynolds and Reynolds Co., 459 F.3d 1044, 1052-1055 (10th Cir. 2006).

While Allied Professionals makes an argument that this Court should transfer this case to the Central Division of California, it does so only in the alternative, seeking first for this Court to compel arbitration.  (Mot. 1, ECF No. 8.)  Thus, Allied Professionals waives the issue of venue in this Court.

Dr. Baugh asserts that transferring the case to California would prove "nonsensical" because "transfer of venue under 28 U.S.C. § 1404(a) would go squarely against the 'interests of justice'", and "the facts, witnesses, and evidence relevant to this case are in Utah, not California."  (Opp'n 6, ECF No. 11.)  Thus, Dr. Baugh waives any challenge he might have to venue in this Court.  Hence, as in 1mage Software, 459 F.3d at 1046-47, 1055, the parties waive the issue of venue, and this Court can, if it determines it should, compel arbitration in another district.  This Court's finding of waiver does not constitute a ruling on venue of the arbitration itself; rather it is a ruling on the venue of the court proceeding.

5

**C.     The Parties Delegated the Issue of Arbitrability to the Arbitrator**

In ruling on a motion to compel arbitration, "courts must resolve 'whether the parties are bound by a given arbitration clause' and 'whether an arbitration clause in a concededly binding contract applies to a particular type of controversy.'" Beltran v. AuPairCare, Inc., 907 F.3d 1240, 1250 (10th Cir. 2018) (quoting Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002)).  Section 2 of the FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts."  Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006).  Section 2 provides:

> A written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  "Challenges to the validity of arbitration agreements 'upon such grounds as exist at law or in equity for the revocation of any contract' can be divided into two types.  One type challenges specifically the validity of the agreement to arbitrate. … The other challenges the contract as a whole."  Buckeye, 546 U.S. at 444 (internal citation omitted).  Dr. Baugh's argument falls within the first type.  Dr. Baugh argues Utah law renders the arbitration clause unenforceable; he, however, does not challenge the professional liability policy as a whole.  (Opp'n 1–6, ECF No. 11.)

The Court first addresses the threshold question of who should decide the initial issue of arbitrability—the Court or the arbitrator.  See Belnap v. Iasis Healthcare, 844 F.3d 1272, 1281 (10th Cir. 2017) (citing Riley Mfg. Co. v. Anchor Glass Container Corp., 157 F.3d 775, 779 (10th Cir. 1998) ("Before we address the specific arbitrability of the

claims raised … in [this] federal suit, we must address the threshold issue of who decides arbitrability in the first place—the courts or an arbitrator.") (alteration in original)). The policy specifically delegates "[a]ny questions as to arbitrability of any dispute or claim" to the arbitrator. (Policy, Ex. C, ECF No. 11–3 at 8.) Allied Professionals argues that the parties delegated the gateway issue of arbitrability to the arbitrator (Mot. 7, ECF No. 8), and "[Dr.] Baugh does not challenge the policy's delegation clause." (Reply 2, ECF No. 12.) At oral argument, Dr. Baugh stated the parties do not present the issue of arbitrability before the Court because the parties do not ask the Court to interpret the obligations of the parties; instead, the Court must make a legal determination as to whether or not it can enforce the clause. The Court disagrees with Dr. Baugh. The Court must address who will determine arbitrability prior to reaching the issue of enforceability. Belnap, 844 F.3d at 1281.

"The question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" Howsam, 537 U.S. at 83 (emphasis in original) (quoting AT&T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 649 (1986); First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). In Granite Rock Co. v. Int'l Broth. of Teamsters, 561 U.S. 287 (2010), the United States Supreme Court stated:

> [A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute. … To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce. … Where there is no provision validly committing them to an arbitrator … these issues typically concern the scope of the arbitration clause and its enforceability.

7

Id. at 297 (emphasis in original) (citations omitted).  Here, Dr. Baugh contests the validity and enforceability of the arbitration clause.  (See generally Opp'n 2-3, ECF No. 11.)  A "delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement." Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 68 (2010).  The policy delegates to the arbitrator "the widest possible scope of disputes or claims, including any issues a) with respect to any of the terms or provisions of this Policy." (Policy, Ex. C., ECF No. 11–3 at 8.)  The policy further explicitly delegates "[a]ny questions as to arbitrability of any dispute or claim" to the arbitrator.  (Id.)  The policy also expressly incorporates the AAA commercial arbitration rules, (Id.), which invest the arbitrator with the power to determine arbitrability.  AAA, Commercial R-7(a) (2013).

The Tenth Circuit has held that incorporation of arbitration rules that permit the arbitrator to determine its own jurisdiction into the agreement "clearly and unmistakably" delegates arbitrability to the arbitrator.  Belnap, 844 F.3d at 1281-84.  The delegation language of the policy along with this incorporation of the AAA rules reflects the policy's clear and unmistakable delegation of the arbitrability question to the arbitrator.  Therefore, the issue of enforceability of the clause falls to the arbitrator.

Furthermore, § 3 of the FAA allows a party seeking to compel arbitration to also obtain a stay of the court action until after the parties complete arbitration.  9 U.S.C. § 3; Rent-A-Center, 561 U.S. at 68, 70.  Because the Court concludes that an arbitrator should decide the issue of arbitrability, the Court must stay the litigation and compel the arbitration.  Belnap, 844 F.3d at 1280-81.

**D.     The Arbitration Clause Entitles Allied Professionals to Its Attorneys' Fees**

Allied Professionals argues the terms of the policy entitle it to its attorneys' fees for bringing the motion if it prevails.  (Mot. 10, ECF No. 8.)  Dr. Baugh contends "[b]ecause the defendant's arbitration clause is contrary to Utah law, and Utah retains the right to regulate such a clause to ensure fair settlement practices, the Court should deny the defendant's motion and award the <u>Plaintiff</u> his costs and fees for defending this motion."  (Opp'n 6, ECF No. 11) (emphasis in original).  Dr. Baugh argues essentially that even if the Court grants the Motion, it should not award fees because Allied Professionals did not warn him prior to his filing of the case about the effect of the FAA.  (<u>Id.</u> at 7.)  The policy states that "[i]f any party seeks a court order compelling arbitration under this provision, the <u>prevailing party</u> in such motion, petition or other proceeding to compel arbitration <u>shall</u> recover all reasonable legal fees and costs incurred thereby."  (Policy, Ex. C., ECF No. 11–3 at 8 (emphasis added).)  Because the Court grants Allied Professionals' Motion to Compel Arbitration, Allied Professionals constitutes the "prevailing party".  The Court finds no duty on the part of Allied Professionals to have warned Dr. Baugh prior to his filing this action about the effect of the policy and the FAA.  Therefore, the Court GRANTS Allied Professionals' request for fees.  The Court also denies Dr. Baugh his attorneys' fees for defending the Motion because he did not prevail.  The Court further ORDERS the parties to meet and confer on the amount of the attorney fees.  If they cannot agree on the amount, Allied Professionals should move the Court for the specific award of fees, and normal briefing should follow.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the Motion to Compel Arbitration and Stay Proceedings.

DATED this 26th day of March, 2019.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge